```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

UNITED STATES OF AMERICA,        )
                                 )
                Plaintiff,       )
                                 )
      v.                         )     No.  12 C 5914
                                 )
FUNDS IN THE AMOUNT OF           )
$101,000,                        )
                                 )
                Defendant.       )
```

MEMORANDUM ORDER

This in rem action brought by the United States under 21 U.S.C. §881(a)(6) to obtain the forfeiture of $101,000 that was assertedly the proceeds of sale of a controlled substance, has been responded to by the Answer of claimant Matthew Kenna Davies ("Davies"). Because that responsive pleading is extraordinarily problematic, containing a host of obvious violations of Fed. R. Civ. P. ("Rule") 11(b), this memorandum order is issued sua sponte to address those problems.

By far the majority of Davies' responses to the allegations of the United States' Complaint are purported invocations of the disclaimer permitted by Rule 8(b)(5) to obtain the benefit of a deemed denial of a plaintiff's allegations. In this instance, unlike all too many lawyers who do not follow the clear roadmap marked out by that Rule, Davies' counsel are faithful to its language--in each instance they assert that Davies "lacks sufficient knowledge or information to form a belief about the

truth of the allegations in paragraph --."[1] But when the numerous disclaimers are matched with the allegations of the Complaint to which they refer, it is painfully evident that they are <u>not</u> advanced in the objective good faith required by Rule 11(b)(nor, regrettably, can they be asserted in subjective good faith either).

Thus Complaint ¶¶10-12 and 14-41 provide a continuing narrative of events on March 14, 2012 in which Davies himself was assertedly an active participant. And that being the case, the Rule 8(b)(5) disclaimers to those allegations are an absurdity--a total contradiction in terms.[2]

No comment will be made here as to the four affirmative defenses that follow the Answer, other than to say that Davies' assertions there are inconsistent with the "hear no evil, see no evil, speak no evil" position advanced so repeatedly in the Answer. Whether those affirmative defenses will continue to be appropriate if Davies were to file a new and proper Answer (in

---

[1] There is only one departure (presumably unintended) from that formulation--see Answer ¶8. That, however, comes into the "no harm, no foul" category, because a disclaimer of that paragraph in the Complaint poses no problem.

[2] Although Complaint ¶¶42 and 43 go on to discuss some further events on the same March 14, 2012 date, the United States' allegations in those paragraphs do not specify whether they provide a continuum of the preceding paragraphs during which Davies was assertedly present. Hence it cannot be determined on the face of the pleadings whether Davies' answers to those paragraphs are likewise flawed.

2

that respect, see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)) is a matter for future consideration.

For the reasons stated here, Davies' entire Answer (including the affirmative defenses) is stricken.  This Court leaves to the litigants the issue of the legal sufficiency of Davies' contemporaneously filed "Verified Claims of Ownership" in light of the legally frivolous nature of the Answer addressed in this memorandum order.

_____
Milton I. Shadur
Senior United States District Judge

Date:   October 9, 2012